# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-06644-RGK-JEM | Date | September 15, 2020 |
|---|---|---|---|
| Title | *Nathan G. Daniel v. JPMorgan Chase Bank, N.A. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss [DE 12]; Plaintiff's Motion to Remand [DE 14]

## I.    INTRODUCTION

On June 5, 2020, *pro se* Plaintiff Nathan Daniel ("Plaintiff") filed a Complaint against Defendant JPMorgan Chase Bank, N.A. ("Defendant") in state court. Plaintiff's Complaint alleges four claims: (1) breach of contract, (2) intentional misrepresentation, (3) breach of the implied covenant of good faith and fair dealing, and (4) accounting. On June 17, 2020 Plaintiff filed a First Amended Complaint ("FAC"). On July 24, 2020, Defendant removed the case to federal court, invoking the Court's diversity jurisdiction.

Presently before the Court are: (1) Plaintiff's Motion to Remand, and (2) Defendant's Motion to Dismiss. For the following reasons, the Court **DENIES** Plaintiff's Motion and **GRANTS in part** Defendant's Motion.

## II.    FACTUAL BACKGROUND[1]

On November 4, 2003, Plaintiff obtained a loan in the principal amount of $105,000 from Washington Mutual Bank ("WaMu") (the "Loan"). (RJN, Ex. 1, ECF No. 12-2.) Repayment of the Loan was secured by a deed of trust that encumbered real property located in Los Angeles, California (the "Property"). (*Id.*)

---

[1] Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of judicial record," including documents recorded by a county recorder's office. *Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010). The Court therefore takes judicial notice of Exhibits 1–8 to Defendant's Request for Judicial Notice ("RJN").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06644-RGK-JEM | Date | September 15, 2020 |
|---|---|---|---|
| Title | *Nathan G. Daniel v. JPMorgan Chase Bank, N.A. et al* | | |

In June 2005, Plaintiff obtained a home equity line of credit in the amount of $250,000 from WaMu (the "HELOC"). (RJN, Ex. 2, ECF No. 12-3.) Repayment of the HELOC was secured by a second deed of trust that encumbered the Property. (*Id.*)

In November 2007, Plaintiff recorded a quitclaim deed seeking to transfer title to the Property to The Justice League Living Trust. (RJN, Ex. 4, ECF No. 12-5; *see also* FAC ¶ 25, ECF No. 1) In June 2010, a notice of default and election to sell under deed of trust was recorded with regard to the Loan. (RJN, Ex. 5, ECF No. 12-6.) In September 2011, a notice of default and election to sell under deed of trust was recorded with regard to the HELOC. (RJN, Ex. 6, ECF No. 12-7.) That same year, Plaintiff filed suit against Defendant[2] in state court. (FAC ¶ 25.)

Ultimately, in February 2016, Plaintiff and Defendant settled the lawsuit and executed a Stipulation re Settlement (the "Agreement"). (FAC ¶ 27.) The Agreement provided, among other things, that Defendant would pay Plaintiff $80,000, and that Defendant would waive all arrearages on the Loan and the HELOC. (Compl., Ex. 2.)[3] The Agreement also provided that Defendant would use best efforts to remove derogatory remarks on Plaintiff's credit history regarding the Loan and the HELOC. (*Id.*)

On May 19, 2016, counsel for Defendant sent Plaintiff's attorney a check for $80,000 and advised that the "loans at issue" had been reinstated. (Compl., Ex 4; FAC ¶ 35.) Counsel advised that the next principal and interest payment on the Loan was due on June 1, 2016, while the next payment for the HELOC was due on May 28, 2016. (*Id.*) In July 2017, after Plaintiff refinanced and paid off the Loan and the HELOC, Chase recorded a deed of reconveyance of the first and second deeds of trust. (RJN, Ex. 7, ECF No. 12-8; RJN, Ex. 8, ECF No. 12-9.) Approximately four years after executing the Agreement and approximately three years after Plaintiff paid off the Loan and the HELOC, Plaintiff initiated this action.

---

[2] In September 2008, Defendant acquired certain assets and liabilities of WaMu from the Federal Deposit Insurance Corporation as Receiver of WaMu ("FDIC-Receiver") pursuant to a Purchase and Assumption Agreement Whole Bank among the FDIC-Receiver and Chase.
[3] Plaintiff attached several exhibits to his original Complaint, including the Stipulation re Settlement. He did not attach any exhibits to his FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06644-RGK-JEM | | Date | September 15, 2020 |
|---|---|---|---|---|
| Title | *Nathan G. Daniel v. JPMorgan Chase Bank, N.A. et al* | | | |

## III.   JUDICIAL STANDARD

### A.   Plaintiff's Motion to Remand

Under 28 U.S.C. § 1441(a), a defendant may remove an action from state court to federal court if the case could have been brought in federal court originally. Generally, federal courts have original jurisdiction in two situations. The first is if the action "aris[es] under the Constitution, laws or treaties of the United States" ("federal question jurisdiction"). 28 U.S.C. § 1331. The second is if the action is between citizens of different states and involves an amount in controversy exceeding $75,000 ("diversity jurisdiction"). 28 U.S.C. § 1332.

Under 28 U.S.C. § 1447(c), the court must remand an action to state court if it finds that it lacks subject matter jurisdiction over the removed action. Remand may also be appropriate based on a procedural defect in the removal process. Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### B.   Defendant's Motion to Dismiss

Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint fails to adequately state a claim for relief, the defendant may move to dismiss the claim under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id.* A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06644-RGK-JEM | Date | September 15, 2020 |
|---|---|---|---|
| Title | *Nathan G. Daniel v. JPMorgan Chase Bank, N.A. et al* | | |

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). "There are, however, two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion. First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment." *Id.* (internal quotation marks omitted). Second, under Federal Rule of Evidence 201, "a court may take judicial notice of matters of public record." *Id.* (internal quotation marks omitted).

## IV.   DISCUSSION

### A.   Plaintiff's Motion to Remand

The Court first considers Plaintiff's Motion to Remand. Plaintiff argues that remand is appropriate for three reasons. First, Plaintiff states that he has a health condition which makes personal appearance in court difficult. Plaintiff notes that this Court does not permit telephonic appearances. Accordingly, Plaintiff contends that remand is appropriate because it will be more convenient for him to litigate in state court, where telephonic appearances are permitted. Second, Plaintiff argues that remand is appropriate because Defendant's Notice of Removal misrepresented to the Court that Plaintiff was "personally served" even though he was not. Third, Plaintiff argues that his Complaint is not properly removable based on the Court's federal question jurisdiction.

Plaintiff's arguments in favor of remand are unavailing. First, Plaintiff's health condition is not a sufficient basis for remand. Although litigating in federal court may be inconvenient for Plaintiff, this does not implicate the Court's jurisdiction. Second, Plaintiff misconstrues the Notice of Removal. Defendant states in the Notice of Removal that the Complaint was personally served on *Defendant*—not Plaintiff. (Notice of Removal at 1, ECF No. 1.) Finally, Plaintiff's third argument is irrelevant because Defendant has removed this case based on diversity jurisdiction, not federal question jurisdiction. Plaintiff does not dispute that diversity jurisdiction exists. Accordingly, the Court denies Plaintiff's Motion to Remand.

### B.   Defendant's Motion to Dismiss

The Court next turns to Defendant's Motion to Dismiss. Defendant argues that Plaintiff's Complaint must be dismissed because (1) Plaintiff's claims are barred by the applicable statutes of limitations, (2) Plaintiff's contradictory allegations violate Rule 8, and (3) each of Plaintiff's individual claims fail to state a claim upon which relief can be granted. The Court addresses the sufficiency of each of Plaintiff's claims in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06644-RGK-JEM | Date | September 15, 2020 |
|---|---|---|---|
| Title | *Nathan G. Daniel v. JPMorgan Chase Bank, N.A. et al* | | |

     *1.*    <u>Breach of Contract</u>

        *a.*    *FCRA Preemption*

To state a claim for breach of contract, the plaintiff must allege: (1) the existence of a contract; (2) the plaintiff's performance or excuse for nonperformance; (3) the defendant's breach; and (4) damages. *Reichert v. Gen. Ins. Co. of Am.*, 68 Cal. 2d 822, 830 (1968). Here, Plaintiff alleges (1) the existence of a valid contract, namely the Stipulation re Settlement (FAC ¶ 98); (2) that Plaintiff "performed all obligations to Defendant except those obligations Plaintiff was prevented or excused from performing" (*id.* ¶ 99); (3) that Defendant breached the Agreement by failing to use its "best efforts to remove derogatory remarks on [Plaintiff's] credit history relative to the [Loan and the HELOC]" (*id.* ¶ 100); and (4) that Plaintiff suffered damages because the derogatory remarks caused him to be denied credit (*id.* ¶ 103). Nevertheless, Defendant argues that Plaintiff has failed to state a claim for breach of contract because his claim is preempted by the Fair Credit Reporting Act ("FCRA"). The FCRA provides, in relevant part, that "No requirement or prohibition may be imposed under the laws of any State. . . with respect to any subject matter regulated under… section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F).

Except for one case from the Eastern District of Tennessee, Defendant has not cited any authority holding that FCRA preempts claims for breach of contract specifically. Further, at least two district courts in this district have come to the opposite conclusion: that claims for breach of contract are <u>not</u> preempted by the FCRA. *See Rex v. Chase Home Fin. LLC*, 905 F. Supp. 2d 1111, 1152 (C.D. Cal. 2012); *Desser v. United States*, No. CV 13-09190 DDP CWX, 2014 WL 4258344, at *6 (C.D. Cal. Aug. 27, 2014) (citing *Rex*). Indeed, in *Rex*, the district court remarked that "the few courts to address the issue hold that a 'breach of contract claim ... is not preempted by the FCRA.'" *Rex*, 905 F. Supp. 2d at 1152 (quoting *Spencer v. Nat'l City Mortg.*, 831 F. Supp. 2d 1353, 1356, 1364 (N.D. Ga. 2011)). The Court therefore declines to dismiss Plaintiff's claim for breach of contract as preempted by the FCRA at this time.

        *b.*    *Defendant's Remaining Arguments*

Defendant also argues that Plaintiff's claim should be dismissed because (1) it is barred by the four-year statute of limitations for breach-of-contract suits, *see* Code Civ. Proc. § 337; (2) Plaintiff failed to attach the Agreement to his FAC or allege its terms verbatim; (3) Plaintiff's allegations are contradictory and implausible; and (3) it is barred by the doctrine of implied waiver.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06644-RGK-JEM | | Date | September 15, 2020 |
|---|---|---|---|---|
| Title | *Nathan G. Daniel v. JPMorgan Chase Bank, N.A. et al* | | | |

First, the Court will not dismiss Plaintiff's claim as barred by the statute of limitations at this time. An assertion that a claim is barred by the applicable statute of limitations is an affirmative defense. *See* Fed. R. Civ. P. 8(c). "When the running of the statute is apparent from the face of the complaint… then the defense may be raised by a motion to dismiss." *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980). Such a "motion should be granted, only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.* (internal quotation marks omitted). Here, Plaintiff's FAC appears to allege that Defendant breached its contractual obligation to Plaintiff as late as 2017. (*See* FAC ¶ 110.) Accordingly, the Court cannot conclude based upon the face of the complaint that Plaintiff's claim is time-barred.

As for Defendant's second argument, the Court agrees that Plaintiff's claim is deficient because Plaintiff has not alleged the terms of the Agreement either verbatim or according to legal effect. *See Twaite v. Allstate Ins. Co.*, 216 Cal. App. 3d 239, 252 (1989) ("To state a cause of action for breach of contract, it is absolutely essential to plead the terms of the contract either *in haec verba* or according to legal effect.") Although Plaintiff attached the Agreement to his original pleading, he failed to do so with respect to the FAC. The Court therefore dismisses Plaintiff's breach-of-contract claim without prejudice. This deficiency will be cured if Plaintiff attaches the Agreement to an amended complaint.

Because the Court has dismissed Plaintiff's breach-of-contract claim, the Court need not reach Defendant's third argument in favor of dismissal.

        2.    *Intentional Misrepresentation*

To state a claim for fraud, a plaintiff must allege: (1) the defendant's misrepresentation of a material fact; (2) the defendant's knowledge of falsity; (3) the defendant's intent to defraud; (4) the plaintiff's justifiable reliance on the misrepresentation; and (5) resulting damage. *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996). Fraud claims are subject to the heightened pleading requirements of Rule 9(b). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Allegations of "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." *Id.* Here, Plaintiff appears to allege two distinct theories of fraud. The Court addresses each theory separately.

        a.    *Theory 1 – False Statements Concerning the Loan and HELOC*

Plaintiff's first fraud theory is that Defendant falsely represented that Plaintiff failed to timely make payments on the Loan and the HELOC. (FAC ¶ 116.) Defendant argues that this theory is insufficiently pled for several reasons. First, Defendant argues that Plaintiff has failed to allege sufficient facts to support a "*material* misrepresentation." (Mot. at 14, ECF No. 12.) Second, Defendant contends

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06644-RGK-JEM | | Date | September 15, 2020 |
|---|---|---|---|---|
| Title | *Nathan G. Daniel v. JPMorgan Chase Bank, N.A. et al* | | | |

that "no specific facts are alleged to support actual and justifiable reliance on the purported loan payment misrepresentations." (*Id.* at 15.) Finally, Defendant argues that Plaintiff's theory is barred by the economic loss rule, which precludes a party from recovering in tort for "purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004).

Defendant cites no authority for the notion that Plaintiff must plead a *material* misrepresentation to recover for fraud. The Court thus does not address the merits of any such argument. However, the Court agrees that Plaintiff has not sufficiently alleged how he justifiably relied on the purported loan payment misrepresentations, given that Plaintiff maintains that Defendant was contractually obligated to waive the outstanding balance of the Loan and the HELOC. The Court thus dismisses this theory without prejudice. The Court need not reach Defendant's third argument regarding the economic loss rule.

              *b.*       *Theory 2 – False Statements Concerning Plaintiff's Credit History*

Plaintiff's second fraud theory is that Defendant intentionally misrepresented Plaintiff's credit history, resulting in Plaintiff being denied credit. (*See, e.g.*, FAC ¶¶ 142–147.) The Court finds that this theory is preempted by the FCRA. Unlike claims for breach contract, fraud claims are typically found to be preempted by the FCRA when they are based on allegations of inaccurate credit reporting. *See, e.g.*, *Desser*, 2014 WL 4258344, at *5–6 (holding that plaintiff's breach-of-contract claim was *not* preempted by the FCRA, but plaintiff's claims for fraudulent and negligent misrepresentation were preempted "to the extent that these claims assert damages resulting from Defendant's reporting to a credit agency of inaccurate information concerning the status of Plaintiffs' loan.") The Court therefore dismisses Plaintiff's second fraud theory to the extent that it "assert[s] damages resulting from Defendant's reporting to a credit agency of inaccurate information concerning the status of Plaintiff['s] loan." *Id.*

              *3.*       <u>*Breach of the Implied Covenant of Good Faith and Fair Dealing*</u>

The covenant of good faith and fair dealing is implied in all contracts. *Carson v. Mercury Ins. Co.*, 210 Cal. App. 4th 409, 429 (2012). The term dictates that neither party to a contract will act in a manner that impedes on the other party's right to receive benefits under the agreement. *Id.* The implied covenant also dictates that parties will do what is required under the contract to accomplish the purpose of the agreement. *Id.* To establish a breach of the implied covenant of good faith and fair dealing, the plaintiff must show: "(1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-06644-RGK-JEM | Date | September 15, 2020 |
|---|---|---|---|
| Title | *Nathan G. Daniel v. JPMorgan Chase Bank, N.A. et al* | | |

plaintiff was harmed by the defendant's conduct." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010).

In his FAC, Plaintiff alleges that Defendant breached the implied covenant of good faith and fair dealing by (1) unfairly interfering with Plaintiff's right to receive the benefit of the Agreement, and (2) creating contractual obligations without Plaintiff's consent. (FAC ¶ 164.) Defendant, however, argues that Plaintiff fails to state a claim upon which relief can be granted because tort remedies are unavailable in actions such as this, involving "a typical credit transaction" between a lender and a borrower. (Mot. at 18 (citing *Mitsui Manufacturers Bank v. Superior Court*, 212 Cal. App. 3d 726, 729 (1989).)

Defendant's argument is unavailing. Generally, claims for breach of the implied covenant give rise to contract damages only. *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 684 (1988). A plaintiff may bring a claim for *tortious* breach of the implied covenant in very limited circumstances. *See, e.g. id.*, ("An exception to this general rule has developed in the context of insurance contracts, where, for a variety of policy reasons, courts have held that breach of the implied covenant will provide the basis for an action in tort.") "Generally, no cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'" *Pension Tr. Fund for Operating Engineers v. Fed. Ins. Co.*, 307 F.3d 944, 955 (9th Cir. 2002) (quoting another source). Defendant argues that no such special relationship exists in this case. However, Plaintiff does not appear to assert a claim for tortious breach of the implied covenant. To the contrary, it appears that Plaintiff has alleged a standard claim for breach of the implied covenant sounding in contract. Defendant's cited case is therefore inapposite.

4.    *Accounting*

"Accounting is an independent cause of action in equity." *Shkolnikov v. JPMorgan Chase Bank*, No. 12-03996 JCS, 2012 WL 6553988, at *23 (N.D. Cal. Dec. 14, 2012). "A cause of action seeking an accounting may be maintained when (1) a relationship exists between a plaintiff and defendant that requires an accounting, and (2) some balance is due to the plaintiff that can only be ascertained by an accounting." *Id.*

The Court finds that Plaintiff has not sufficiently alleged a claim for accounting. First, Plaintiff's FAC does not explain why the parties' relationship suffices to state a claim for an accounting, especially, when "courts often find, to the contrary, that a mortgagor-lender relationship does not suffice." *Saridakis v. JPMorgan Chase Bank*, No. 14–06279, 2015 WL 570116, at *3 (C.D. Cal. Feb.11, 2015). Second, Plaintiff's FAC does not explain why "the total amount of payments" made by Plaintiff cannot "be ascertained without resort to accounting." *Shkolnikov*, 2012 WL 6553988, at *23. To the contrary, it appears that the total amount of payments made by Plaintiff can be readily ascertained

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06644-RGK-JEM | Date | September 15, 2020 |
|---|---|---|---|
| Title | *Nathan G. Daniel v. JPMorgan Chase Bank, N.A. et al* | | |

without resort to accounting. The Court therefore dismisses Plaintiff's accounting claim with leave to amend.

       5.      *Punitive Damages*

Finally, Defendant moves to strike Plaintiff's request for punitive damages. Plaintiff seeks punitive damages on his claim for fraud. However, the Court has already dismissed Plaintiff's fraud claim without prejudice. The Court therefore does not reach the issue of whether punitive damages are recoverable.

**C.      Leave to Amend**

Rule 15(a)(2) provides that a court should "freely give leave [to amend] where justice so requires." Fed. R. Civ. P. 15(a)(2). "A *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987) (internal quotation omitted).

Plaintiff may file a Second Amended Complaint within 21 days of this Order's issuance if he is able to remedy the deficiencies noted above. Plaintiff may not plead any additional claims or add allegations that are not intended to cure the specific defects the Court has noted. Should any amended complaint exceed the scope of leave to amend granted by this Order, the Court may strike the offending portions under Rule 12(f). *See* Fed. R. Civ. P. 12(f).

**V.      CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand and **GRANTS in part** Defendant's Motion to Dismiss:

1. The Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's first claim for breach of contract. **The dismissal of this claim is without prejudice.**

2. The Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's second claim for intentional misrepresentation. **Plaintiff's first theory is dismissed without prejudice. Plaintiff's second theory is dismissed with prejudice.**

3. The Court **DENIES** Defendant's Motion to Dismiss Plaintiff's third claim for breach of the implied covenant of good faith and fair dealing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06644-RGK-JEM | | Date | September 15, 2020 |
|---|---|---|---|---|
| Title | *Nathan G. Daniel v. JPMorgan Chase Bank, N.A. et al* | | | |

4. The Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's fourth claim for accounting. **The dismissal of this claim is without prejudice.**

   **IT IS SO ORDERED.**

                                                                    _____ : _____

                              Initials of Preparer        _____